**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

SPLASH FARMS, INC., et al.,      )
      )
      Plaintiffs,      )
      )      Case No.  25-CV-00512-CDL
v.      )
      )
STATE OF OKLAHOMA ex rel.      )
OKLAHOMA MEDICAL      )
MARIJUANA AUTHORITY; et al.,      )
      )
      Defendants.      )

## OPINION AND ORDER

Before the Court is the Motion to Sever filed by Plaintiffs represented by Dana Kurtz (Doc. 55). In that motion, Ms. Kurtz's clients request that the Court sever the claims of Plaintiffs Richard Lynn Dopp, Splash Farms, Inc.; Un Sun Kim, Plasma Green, Inc.; Qiao Jia Liao; 918 Boys Ranch, LLC; Claud Chiles, Sr.; John Chiles; and Claud Chiles, Jr., who are represented by C. Charles Wilkin, III and James Francis Kelly. Any response in opposition to the motion was due by February 4, 2026, and no opposition was filed. Under the local rules, the motion "may be deemed confessed." N.D. Okla. LCvR7-1(e).

The Motion also has merit. Under Fed. R. Civ. P. 20, parties may join as plaintiffs in an action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there is "any question of law or fact common to all plaintiffs" that "will arise in the action." Misjoinder of parties in a single action is not a reason to dismiss a case,

but "the court may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. Such decisions are addressed to the discretion of the trial court. *See United States v. Wyo. Nat'l Bank of Casper*, 505 F.2d 1064, 1067 (10th Cir. 1974) (citation omitted). The Plaintiffs represented by Ms. Kurtz assert that there are potential conflicts between the two different groups of Plaintiffs about how to proceed in the case. Mr. Kelly, on behalf of his clients, confirmed at the February 25, 2026 hearing that there are differences of opinion about how to proceed with this case, including whether or not to characterize and pursue this as a putative class action, the timing of presentation of issues to the Court, and other potential issues.

The distinct positions of the two Plaintiff groups' lawyers support severance, as those differences will likely hinder or complicate continuing this case without further conflicts and potential complications arising therefrom. It does not appear that severance of the separate Plaintiffs' claims will cause any prejudice to any party, and in light of the potential for conflicts about how to proceed with the Plaintiffs' case, severance is appropriate.

**IT IS THEREFORE ORDERED:**

1. The motion to sever (Doc. 55) is therefore **granted**.

2. The claims of the following plaintiffs are **severed** from this case: Richard Lynn Dopp; Splash Farms, Inc.; Un Sun Kim; Plasma Green, Inc.; Qiao Jia Liao; 918 Boys Ranch, LLC; Claud Chiles, Sr.; John Chiles; and Claud Chiles, Jr. (the "Wilkin Firm Plaintiffs").

3. The Court Clerk is **directed** to open a new case for the claims filed by the Wilkin Firm Plaintiffs, all of whom are identified in paragraph 2 above. As to those Plaintiffs in the new case, the docket shall reflect that their counsel are R. Charles Wilkin, III and James Francis Kelly.

4. The Wilkins Firm Plaintiffs (see paragraph 2 above) and their lawyers (Wilkin and Kelly) shall be terminated from the docket in this case (25-cv-00512-CDL).

5. The new case shall also include all of the named Defendants in this case and their counsel of record from this case.

6. The new case and this case will proceed as separate lawsuits.

7. The Court Clerk and the parties shall amend the case captions accordingly.

8. The Court Clerk shall also file the following prior filings / docket entries in the **new** case: (Doc. 2, 7, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 82, 83, 84, 85, 86, 87, 88, 91, 92, 94, 95, 98, 105, 106, 107, 108, 109, 110, 114, 115, 118). All docket entries / filings that currently exist in this case shall continue to remain on the docket.

9. A copy of this Order shall also be filed in the new case.

**IT IS SO ORDERED** this 2nd day of April, 2026.

_Christine D. Little_
Christine D. Little
United States Magistrate Judge